MARGARET L. DONAHUE, as Committee of the Property of PETER DONAHUE, an Incompetent Person, Appellant, *v.* NEW YORK LIFE INSURANCE COMPANY, Respondent.

(Argued March 22, 1932; decided April 26, 1932.)

*Monroe J. Cahn* for appellant. The judgment in the prior action is not *res judicata.* (*Schoenholz* v. *N. Y. Life Ins. Co.*, 234 N. Y. 24; *Griffen* v. *Keese*, 187 N. Y. 454; *Stokes* v. *Foote*, 172 N. Y. 327; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Springer* v. *Bien*, 128 N. Y. 99; *Silberstein* v. *Silberstein*, 218 N. Y. 525; *People ex rel. McCanliss* v. *McCanliss*, 255 N. Y. 456; *Cauhape* v. *Parke, Davis & Co.*, 121 N. Y. 152; *Wille* v. *Maier*, 256 N. Y. 465; *Mehlhop* v. *Central Union Trust Co.*, 235 N. Y. 102; *Jasper* v. *Rozinski*, 228 N. Y. 349; *Macy* v. *Ladd*, 227 N. Y. 670; *Hilliker* v. *Rueger*, 219 N. Y. 334; *Tax Lien Co.* v. *Schultze*, 213 N. Y. 9; *Clark* v. *Scovill*, 198 N. Y. 279; *Rudd* v. *Cornell*, 171 N. Y. 114; *Stokes* v. *Stokes*, 155 N. Y. 581; *House* v. *Lockwood*, 137 N. Y. 259; *Townsley* v. *Niagara Life Ins. Co.*, 218 N. Y. 228.)

*Raeburn W. Jenkins* and *Louis H. Cooke* for respondent. The judgment in the prior action was on the merits and established title to the policy of insurance and is conclusive against the plaintiff in this action. (*House* v. *Lockwood*, 137 N. Y. 259; *Springer* v. *Bien*, 128 N. Y. 99; *Matter of Wainman*, 121 Misc. Rep. 318; *Matter of Grant*, 122 Misc. Rep. 491; *Matter of LaBourgeois*, 80 So. Rep. 673; *Matter of Cooper*, 123 Atl. Rep. 45; *Hicks* v.

*N. W. Mutual Life Ins. Co.*, 147 N. W. Rep. 883.) There may be a valid transfer of title as between the parties by a delivery of the policy and such delivery carries with it all of the rights of the insured. (*Rothstone* v. *Norton*, 231 App. Div. 59; 256 N. Y. 601; *McNevins* v. *Prudential Ins. Co.*, 57 Misc. Rep. 608; *Steinback* v. *Diepenbrock*, 158 N. Y. 24.)

POUND, Ch. J. Peter Donahue took out a policy on his life in the defendant insurance company in May, 1919, for $13,000, payable to his estate. In May, 1926, he made Helen R. Maloney the beneficiary thereof and delivered the policy to her.

In November, 1928, Peter Donahue was adjudged an incompetent and the plaintiff was appointed the committee of his property.

The policy, in substance, provides that the defendant, in consideration of the premium paid, will pay to Peter Donahue or his duly designated beneficiary on his death the sum of $13,000 and will pay said Peter Donahue, in case of disability before he becomes sixty years of age, annually, a sum equal to one-tenth of the face of the policy during his lifetime, and also certain dividends, but such payments shall not reduce the sum payable on the policy.

The first annual payment under the disability provision became due May 11, 1930, and this action was brought by the plaintiff to recover the same, together with a dividend which accrued on the same date. The court below has held that a judgment in a prior action brought by plaintiff against the defendant and Helen R. Maloney is *res judicata* and has dismissed the complaint.

The complaint in the former action demanded judgment that the defendant Maloney had no interest in the policy or in the proceeds thereof; that plaintiff is entitled to revoke the designation of the defendant Maloney as beneficiary and that she be required to deliver the policy to plaintiff. The conclusions of law were that the committee could not change the beneficiary and that the

delivery of the policy to defendant Maloney was a gift. No decision of the question of the assignment or transfer of disability payments under the policy was essential to the decision of the issue thus presented nor was such question decided either by express declaration or necessary implication. The question remains, what rights passed with the gift of the policy?

The doctrine of *res judicata* does not require that a party litigant shall ever be estopped from controverting any matter of law or fact which has not been, either by express declaration or necessary implication, determined by the judicial tribunal whose decision is set up as the *res judicata*. (Spencer Bower on Res Judicata, p. 102.)

On the trial of the first action the court made the following findings of fact:

" *Sixth.* That on or about the 10th day of May, 1926, and at a time when the name of the beneficiary in said policy had been changed to the defendant Helen R. Maloney, the said Peter J. Donahue, the insured, gave and delivered said policy of life insurance to said defendant, and by said delivery of said insurance policy Peter J. Donahue, the insured, assigned, transferred and set over to the said defendant, Helen R. Maloney, all his right, title and interest in and to the said policy of life insurance to Helen R. Maloney for faithful services rendered by her to him for a number of years prior to the said 10th day of May, 1926."

" *Eleventh.* That the change in the name of the beneficiary in said life insurance policy to the defendant Helen R. Maloney, and the subsequent delivery to her of said policy by the said Peter J. Donahue, was done for the purpose of effectuating the giving, assigning and transferring of all his right, title and interest in and to the said policy of life insurance and all the benefits thereunder to the defendant Helen R. Maloney.

" *Twelfth.* That at all times since the delivery, assignment and transfer of said policy of life insurance by the said Peter J. Donahue as aforesaid, the defendant Helen

R. Maloney has been and still is in the sole and exclusive possession of same, and at all of said times has been and still is the true and lawful owner' and holder of said policy of life insurance and as such she was and still is entitled to *all* the rights, privileges, benefits and emoluments arising and flowing from said policy of insurance." and dismissed the complaint.

While these findings on their face may seem broad enough to determine the issue here presented, they were not essential to the determination of the prior action. At the time the prior action was decided no disability payments had become due and no express finding was made that the transfer of the policy to Helen R. Maloney carried with it the right to collect disability payments if any thereafter accrued. It was, however, decided in the broadest terms that Helen R. Maloney was " entitled to *all* the rights, privileges, benefits and emoluments arising and flowing from said policy of insurance," and it is on this finding, it has been held below, that plaintiff may not recover the disability payments.

A judgment is conclusive upon the parties only in respect to the grounds covered by it and the facts necessary to uphold it, and although a decision, in express terms, professes to affirm a particular fact, yet, if that fact was immaterial to the issue and the controversy did not turn upon it, the decision will not conclude the parties in reference to such fact. It does not work an estoppel as to unessential facts even though such facts are put in issue and decided. (*Springer* v. *Bien*, 128 N. Y. 99, 102; *House* v. *Lockwood*, 137 N. Y. 259, 268; *Rudd* v. *Cornell*, 171 N. Y. 114, 128; *Stokes* v. *Foote*, 172 N. Y. 327; *Silberstein* v. *Silberstein*, 218 N. Y. 525; *People ex rel. McCanliss* v. *McCanliss*, 255 N. Y. 456.)

" A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or

impair rights or interests established by the first. It is not conclusive, however, to the same extent when the two causes of action are different, not in form only, but in the rights and interests affected. The estoppel is limited in such circumstances to the point actually determined. * * * The decisive test is this, whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second." (CARDOZO, Ch. J., in *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306, 308.)

It is urged that the findings of ownership quoted above were material in the sense that the general decision might mean that plaintiff could not recover in the earlier action because defendant had become the owner of the policy and all rights arising thereunder and that " all rights " necessarily included the disability payments.

What the parties had in mind, however, was the right of the committee to change the beneficiary and the right of such beneficiary to possession of the policy. On the face of the policy the insured, not the beneficiary, is entitled to the disability payments. The policy also provides: " The insured may, without the consent of the beneficiary, receive every benefit, exercise every right and enjoy every privilege conferred upon the insured by this policy."

The question of the right to disability payments has not been litigated. Does such right pass to a donee of the policy or remain with the insured who has sought to protect himself should he become disabled? Is it purely personal in its character, intended for the insured's own benefit or can it be made the subject of a gift?

The two causes of action are substantially different as to the rights and interests affected. The rights established in the first action, viz., that Helen R. Maloney is the owner of the policy, that the beneficiary cannot be changed by the committee and that the beneficiary is entitled to the possession of the policy, are not, in the circumstances,

destroyed or impaired by the prosecution of the second action to recover disability payments payable to the insured. In such circumstances the defense of *res judicata* is limited to the point actually determined.

The right to the dividend rests on another footing. The gift of the policy to Miss Maloney carries the right to dividends apportioned to the policy.

The judgment of the Appellate Division should be reversed and that of the Special Term modified by deducting therefrom the sum of $70.46 and interest thereon from May 11, 1930, and as so modified affirmed, with costs in this court and in the Appellate Division. (See 259 N. Y. 628.)

CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Judgment accordingly.