PAUL PAULSEN, Respondent, v. JESSE E. KAHN, Appellant.— The plaintiff, claiming to be an employee of one Sanzo, a subcontractor, elected, under section 29 of the Workmen's Compensation Law, to sue defendant, the general contractor, for damages for personal injuries suffered on June 23, 1934, through the negligence of one admittedly employed by the general contractor. The defenses were that plaintiff was the employee of defendant at the time of his injury; and that the latter had secured compensation as required by sections 10 and 56 of the Workmen's Compensation Law. Defendant had taken a contract for public work and had sublet a part of the contract to Sanzo, who furnished his own superintendent and workmen, including plaintiff. Likewise he had secured compensation for his employees by an insurance policy. The wages of these men were paid through checks of defendant, but charged to Sanzo's account. Sanzo abandoned the job early in January, 1934; and defendant continued the work, paying the men, but charging the wages and the premiums on the insurance policy, still in Sanzo's name, to Sanzo. It was during this period that the plaintiff was injured. The same superintendent continued on the job; and the plaintiff received his wages in the same manner as before. It does not appear that he had any notice or knowledge of the change of his employment. Under these circumstances, as a matter of law and fact he was still in Sanzo's employ. (Beauregard v. Smith Co., 213 Mass. 259; 100 N. E. 627.) When he was injured he made a claim for compensation against Sanzo. The claim was made out by the superintendent, who wrote in the form that the name of the employer of plaintiff was Sanzo. It does not appear that the defendant as employer made out any first report of injury to the Labor Department as the law prescribes. (Workmen's Comp. Law, § 110.) The relation of employer and employee is created by contract, express or implied. There was no express contract here. The relation may sometimes be tested by the right of the employer to direct and control the work of the employee, the payment of wages, and the right to discharge. (Matter of Brown v. St. Vincent's Hospital, 222 App. Div. 402.) The question of fact arising under the evidence as to the plaintiff's employer was submitted to the jury; and the question has been determined in favor of the plaintiff. As to compensation insurance, there was no proof that defendant carried any on this job in his own name, or that the insurance company had knowledge that defendant was paying the premiums on the Sanzo policy and auditing his payroll (See Matter of Vollpe v. Petti, 256 N. Y. 570); and the proof does not show definitely that the payrolls were audited by the insurance company after Sanzo had abandoned the work. The court did not submit to the jury the question as to whether or not defendant had valid insurance covering the employment of plaintiff and other workmen at the time of the injury; and there was no request by defendant's counsel to submit that question to the jury. Even if plaintiff was employed by the defendant and there was no insurance,

the defendant was liable in the absence of such proof. (Workmen's Comp. Law, § 11.) Under the law of the case, the judgment in plaintiff's favor and the order denying defendant's motion for a new trial are affirmed, with costs. Carswell, Davis, Adel and Taylor, JJ., concur; Lazansky, P. J., dissents: As Sanzo had abandoned the job, it was impossible for plaintiff to be in his employ. The proof indicates that defendant was plaintiff's employer and had provided workmen's compensation insurance for plaintiff. Plaintiff did not prove that defendant had not provided such insurance.