STEVE WALFRICE, Plaintiff, *v.* BUFFALO POTTERY COMPANY, Defendant.

Supreme Court, Erie County, May 9, 1941.

*Fred E. Wegner* [*William L. Clay* of counsel], for the plaintiff.

*Brown, Ely & Richards* [*David S. Jackson* of counsel], for the defendant.

LYTLE, J. This is a motion by the defendant for summary judgment in a so-called dust case.

One of the reasons assigned in support of the motion is that the plaintiff suffered injurious exposure during the period in which dust injuries have been embraced within the Workmen's Compensation Law. The plaintiff has supported by affidavit his claim that his last injurious exposure occurred prior to September 1, 1935, and a question of fact is presented, requiring a trial of the issue so raised.

The other of the reasons assigned in support of the motion is that before the commencement of this action, the plaintiff proceeded in the Department of Labor to seek workmen's compensation. In the course of that proceeding the referee stated in a memorandum of decision: " The inception of the matter decided to be silicosis came after the claimant's exposure to this dust subsequent to September 1st, 1935. He therefore would be under the provisions of Paragraph 28 of the Occupational Disease Section of the Law, but no award can be made under Section 66 because there is no total disability described."

Upon review, a member of the Industrial Board stated in a memorandum of decision: " The evidence indicates that the last injurious exposure to silica dust occurred subsequent to Sept. 1, 1935."

In its decision in which the claimant, the plaintiff herein, was denied compensation, the Industrial Board made " Conclusions of Fact " among which was a finding that the claimant " became disabled as a result of silicosis which he contracted due to the nature of his employment, and within twelve months prior to " January 14, 1937.

The defendant contends that there has been a prior binding adjudication that the plaintiff's injuries resulted from exposure at such a time as to defeat this action. It becomes necessary to examine the proceedings and the result in the workmen's compensation case

" The rule which forbids the reopening of a matter once judicially determined by competent authority applies as well to the judicial and quasi-judicial acts of public, executive, or administrative officers and boards acting within their jurisdiction as to the judgments of courts having general judicial powers." (34 C. J. 878, 879.) The rule is applicable and has been applied to decisions of tribunals administering workmen's compensation laws. (Note at 122 A. L. R. 550, 614.)

However, the decision in the workmen's compensation case was as it was because the claimant had not suffered total disability.

The finding that exposure occurred at a given time or in a given period was not necessary to the result. Injurious exposure subsequent to September 1, 1935, would be a finding prerequisite to the granting of an award but not to the denial of an award.

That such a finding was actually made is not the test. Findings of fact do not have the force and effect of the thing adjudged unless the subject-matter is definitely disposed of by the judgment. (30 Am. Jur. 931.) " The rule is that a judgment does not work an estoppel as to unessential facts, even though put in issue by the pleadings and directly decided " (*Silberstein* v. *Silberstein*, 218 N. Y. 525, 528), for " issues raised in a case are not regarded as conclusively determined by a judgment based only upon other issues involved therein." (30 Am. Jur. 931.) " Findings of evidentiary facts though germane to the proceeding in which they have been made, are not always conclusive in another as part of the thing adjudged." (*People ex rel. McCanliss* v. *McCanliss*, 255 N. Y. 456, 459.)

There has been no such adjudication of the time of the plaintiff's last injurious exposure as to preclude a trial of that issue in this action. (*Donahue* v. *New York Life Ins. Co.*, 259 N. Y. 98.) The motion is denied.

Prepare and submit an order accordingly.