FLORENCE MITCHELL et al., Respondents, v. ADAM HAT STORES, INC., Appellant, et al., Defendants.—

The recitation in the order of the Compensation Board that appellant was a special employer is not binding in the light of the fact that it was made after all compensation had been paid by the general employer as to whom the claimant alone sought redress. No refund nor apportionment of the award is directed to be made. The determination was unnecessary and academic and was not binding. (*Donahue* v. *New York*

*Life Ins. Co.,* 259 N. Y. 98, 102.) Irrespective of the conclusive effect of the determination, however, the appellant, on the undisputed proof was the special employer of the plaintiff wife at the time of the accident and was an employer within the contemplation of the Workmen's Compensation Law. (*Matter of De Noyer* v. *Cavanaugh,* 221 N. Y. 273; *Matter of Dennison* v. *Peckham Road Corp.,* 295 N. Y. 457.) The remedy afforded under the Workmen's Compensation Law was exclusive in that plaintiff wife had exercised her election and had procured an award thereunder. (Workmen's Compensation Law, § 11.) Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur. [See *post,* p. 931.]