■ Edward Kazmercik, Respondent, v. Gene Goble, Appellant.— In an action to recover damages for personal injuries, the appeal is from an order denying appellant's motion under subdivision 1 of rule 107 of the Rules of Civil Practice to dismiss the complaint, or in the alternative for summary judgment. The complaint alleges that the appellant was respondent's employer at the time of the accident and that appellant had failed to secure compensation for his employees as provided in section 50 of the Workmen's Compensation Law. The proof submitted on appellant's motion, however, conclusively establishes that, although appellant was respondent's special employer, respondent had made claim for and had received an award for his injuries under the Workmen's Compensation Law based upon his employment by his general employer, Goble Aircraft Specialties, Inc., at the time of the accident, and that the award was paid in full by the compensation insurance carrier of said Goble Aircraft Specialties, Inc. Order reversed, with $10 costs and disbursements, and motion for summary judgment granted, with $10 costs. The remedy afforded under the Workmen's Compensation Law is exclusive. Having exercised his election and having procured an award thereunder against his

general employer, respondent may not have the benefit of both remedies by bringing an action against his special employer (Workmen's Compensation Law, § 11; *Mitchell* v. *Adam Hat Stores*, 279 App. Div. 877, affd. 304 N. Y. 836). Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.