■ WILLIAM NYHOLM, Respondent, v. CAULDWELL-WINGATE Co., Appellant, and A. J. McNULTY STEEL CONSTRUCTION Co., Respondent.— In an action to recover damages for personal injuries suffered by plaintiff, an employee of Knickerbocker Construction Corp., the lathing subcontractor on a building construction job, against two defendants: Cauldwell-Wingate Co., the general contractor, and A. J. McNulty Steel Construction Co., the steel subcontractor, in which the general contractor asserted a cross complaint against the steel subcontractor, the general contractor appeals, as limited by its brief: (1) from a judgment of the Supreme Court, Suffolk County, dated February 1, 1960, after a jury trial, in favor of plaintiff against it; and (b) from so much of a resettled judgment of the same court, dated April 27, 1960, as is in favor of plaintiff against it. Appeal from the original judgment, dated February 1, 1960, dismissed, without costs. No appeal lies from such judgment; it was superseded by the resettled judgment. Resettled judgment, insofar as appealed from, reversed on the law, with costs to the defendant Cauldwell-Wingate Co., payable by the plaintiff; and complaint against said defendant dismissed. The findings of fact implicit in the jury's verdict were not considered. While the general contractor originally appealed from the portion of the resettled judgment which dismissed its cross complaint against the steel subcontractor, the general contractor in its brief withdrew its appeal therefrom. The judgment in this respect, therefore, remains unimpaired, and there is no authority or need to affirm it as requested by said subcontractor. The undisputed evidence was as follows: Plaintiff, an employee of the lathing subcontractor on a building construction job, was brought by his foreman to the superintendent of the general contractor, at such superintendent's request, for the purpose of working for said general contractor for the day. The superintendent instructed plaintiff to aid another workman, who was in the employ of the steel subcontractor but who was also working for the general contractor for the day. Plaintiff's work was to hold reinforcing rods or dowels in place while the other workman welded them onto steel beams. The work was done at various places on a certain floor. During the course of the day the superintendent came to the men several times and told them what to do and where to do it, and they complied. Plaintiff was paid for the day's work by the lathing subcontractor. His foreman (that is, the foreman in the employ of such subcontractor) testified that on the day in question plaintiff "was strictly Cauldwell-Wingate [the general contractor], he wasn't Knickerbocker" [the lathing subcontractor]. Plaintiff sustained burns in his eyes from the welding work. On the evidence, plaintiff as a matter of law was under the general contractor's exclusive control and represented its will in all details of the work, and such contractor was plaintiff's special employer. Therefore, plaintiff's sole remedy for his injuries was to seek compensation under the Workmen's Compensation Law (see Workmen's Compensation Law, §§ 10, 11; *Stone* v. *Bigley Bros.*, 309 N. Y. 132; *Matter of De Noyer* v. *Cavanaugh*, 221 N. Y. 273; *Irwin* v. *Klein*, 271 N. Y. 477). The work in question being hazardous as defined in section 3 of the Workmen's

Compensation Law, the obligation to secure payment of compensation was imposed by the statute upon the employer, the general contractor (see Workmen's Compensation Law, § 2, subd. 3; §§ 10, 50). Therefore, the burden was on the plaintiff to plead and prove that the general contractor, as the employer, had failed to secure the payment of compensation, so as to make operative the exception in section 11 of the Workmen's Compensation Law, under which an injured employee may elect to maintain an action in the courts for damages (*Kuhn* v. *City of New York*, 274 N. Y. 118, 128–129; *Gardner* v. *Shepard Niles Crane & Hoist Corp.*, 268 App. Div. 561, affd. 296 N. Y. 539; *Morris* v. *Muldoon*, 190 App. Div. 689, affd. 229 N. Y. 611; *Artonio* v. *Hirsch*, 3 A D 2d 939; *Lazar* v. *Steinberg*, 269 App. Div. 760). Plaintiff did not so plead, nor was any such proof adduced. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.