Esther ROTH, as Administratrix of the Estate of Gustav Roth, deceased, Plaintiff-Appellee,

v.

McALLISTER BROS., INC., Defendant-Appellant.

No. 289, Docket 27983.

United States Court of Appeals Second Circuit.

Argued March 20, 1963.

Decided April 18, 1963.

**144**

Vincent A. Catoggio, of Purdy, Lamb & Catoggio, New York City, for defendant-appellant.

Morton J. Heckerling, of Standard, Weisberg & Harolds, New York City (Scheinberg, Wolf, Lapham & DePetris, Riverhead, N. Y., on the brief), for plaintiff-appellee.

Before LUMBARD, Chief Judge, and CLARK and MARSHALL, Circuit Judges.

CLARK, Circuit Judge.

■ Defendant appeals from a judgment awarding plaintiff, as administratrix of the estate of her husband, Gustav Roth, the sum of $6,000, plus interest, or a total of $7,980, due him for maintenance and cure. Roth himself originally brought the action as a seaman, claiming damages for a personal injury under the Jones Act, 46 U.S.C. § 688, and, in a separate count, an award for maintenance and cure. Roth died, and the action was amended to continue in the name of his wife as administratrix. The claims under the Jones Act were tried to a jury which disagreed, and they have not yet been retried. The court reserved to itself decision upon the count for maintenance and cure and made the award here appealed from; it included in its judgment the finding under F.R. 54(b) that there was no just reason for delay in entering final judgment upon this issue, thus making it appealable at once. This appeal followed.

Defendant, in its claim of error, attacks Judge Palmieri's ruling that it was estopped from denying that it was Roth's employer when he sustained the injuries in question. McAllister Bros., Inc., defendant-appellant, is a tugboat operator which maintains a close interrelationship with Tug and Barge Supply Co., Inc., a shipyard operator that services, apparently exclusively, McAllister's boats. Roth was a marine engineer who seems to have done work for both concerns without a careful distinction ever being made as to which was his employer at any given time.

The basis upon which the district court held McAllister estopped was the position taken by it at a hearing before the New Jersey Department of Labor and Industry, Division of Workmen's Compensation, where plaintiff had pre-

sented a claim. The Compensation Court, on motion of the defendant and of Tug and Barge Supply Co., Inc. (both companies being represented by the same attorney), dismissed the claim for lack of jurisdiction. It found that at the time of Roth's injury he was a crew member on a vessel engaged in maritime pursuits in navigable waters, and thus the sole and exclusive remedy was under federal statutes. McAllister failed to submit to the New Jersey tribunal such proofs as were tendered to the court below, but chose to rely to its benefit in that forum on the proof there adduced.

Estoppel by judgment or collateral estoppel arises when a material fact in any litigation has been determined in a former suit between the parties or between parties with whom the parties to the subsequent suit are in privity, provided that the fact in common was also material to the issue in the previous suit. Little v. Blue Goose Motor Coach Co., 346 Ill. 266, 178 N.E. 496; Scarano v. Central R. Co. of New Jersey, 3 Cir., 203 F.2d 510, 512. Here the common material fact is the nature of Roth's employment when he was injured. This fact constituted the sole basis for the New Jersey Compensation Court's dismissal of Roth's suit before it on the ground that it lacked jurisdiction. We cannot accept defendant's attempt to avoid the clearly appropriate application here of the doctrine of collateral estoppel on the argument that, since the New Jersey court found itself without jurisdiction, it consequently lacked jurisdiction to make any determination whatsoever. For a tribunal always possesses jurisdiction to determine its jurisdiction, and any fact upon which that decision is grounded may serve as the basis for an estoppel by judgment in any later action. A party having assumed a certain position in a legal proceeding and having succeeded in maintaining that position, as defendant did here by its motion before the New Jersey Compensation Court, may not thereafter assume a contrary position in a subsequent proceeding else-

where simply because its interests have changed, especially if the change be to the prejudice of the party who has acquiesced in the position formerly taken. Davis v. Wakelee, 156 U.S. 680, 15 S.Ct. 555, 39 L.Ed. 578.

Thus defendant was correctly held estopped from denying that Roth was a seaman. Further, since the evidence points to defendant alone as the operator of seagoing vessels, Judge Palmieri was warranted in holding it estopped to deny that Roth was its employee when the injury occurred.

Affirmed.