Rex A. MUSGRAVE, Plaintiff,

v.

BRONX TOWING LINE, INC., and Colonial Sand & Stone Co., Inc., and Nig, Inc., Defendants.

United States District Court
S. D. New York.
May 9, 1963.

Wilbur Talisman, of Talisman & Wittels, New York City, for plaintiff.

Max Taylor, of Krisel, Beck & Taylor, New York City, for defendants.

BONSAL, District Judge.

This seaman's action is brought by the plaintiff who in March 1960 was employed as a deckhand on the tug COLCO. The tug was owned by the defendant Nig, Inc. and operated by the defendant Bronx Towing Line, Inc. (Bronx), both corporations being wholly owned subsidiaries of the defendant Colonial Sand & Stone Co., Inc. (Colonial). Colonial was the owner of the scow being towed by the tug COLCO. Plaintiff claims he was injured on the scow while walking across a cargo of sand.

The amended complaint contains three causes of action. The first is for Jones Act negligence and unseaworthiness; the second for maintenance and cure; and the third, in the alternative, alleges that if it is found that plaintiff was not a seaman engaged in the performance of ship's services, then his alleged injuries were due to the negligence of the defendant Colonial.

This action was commenced in this Court on August 26, 1960. A week earlier, on August 19, 1960, plaintiff instituted an action for maintenance and cure against Bronx in the Municipal Court of the City of New York, Borough of Manhattan, Ninth District (Index #21284—1960) (now known as the Civil Court of the City of New York). In this action, the plaintiff sought maintenance and cure for injuries alleged to have been sustained on March 26, 1960 in the course of his employment aboard the tug COLCO. The case was tried before the Honorable Sidney Gold on June 21, 22 and 23, 1961. Seven witnesses were heard, and the record comprises some 255 pages of testimony. The issues were fully briefed, and thereafter, on December 6, 1961, the Trial Judge rendered the following decision dismissing the complaint:

"After trial of this action for maintenance and cure arising out of

**920**

injuries alleged to have been sustained by plaintiff on March 26, 1960, while employed as a deckhand on the tug COLCO, I conclude upon the entire record and the exhibits, that plaintiff has failed to satisfactorily establish by a fair preponderance of the credible evidence that the injury to his left knee involving a torn meniscus was causally related to the accident of March 26, 1960. Accordingly, judgment is directed in favor of defendant against plaintiff dismissing the complaint."

Judgment was entered on December 21, 1961, awarding costs to the defendant, and upon plaintiff's appeal to the Appellate Term of the Supreme Court, First Department, the judgment was affirmed. Reargument, or in the alternative, leave to appeal to the Appellate Division, was denied. The State court decision is therefore final.

Defendants move for summary judgment (F.R.Civ.P. 56) dismissing the complaint on the grounds of res judicata and collateral estoppel. Plaintiff has consented to the discontinuance of his second cause of action, for maintenance and cure, but opposes summary judgment on the remaining two causes of action, claiming there is no common issue between the State action and this one. The Court disagrees and finds that the plaintiff is estopped on both claims, and therefore the complaint must be dismissed.

■ Estoppel by judgment or collateral estoppel has recently been defined by the Court of Appeals for this Circuit (per Clark, J.) as arising "when a material fact in any litigation has been determined in a former suit between the parties or between parties with whom the parties to the subsequent suit are in privity, provided that the fact in common was also material to the issue in the previous suit. (citing cases.)" Roth v. McAllister Bros., Inc., 2 Cir., 316 F.2d 143, 145; see also Restatement, Judgments § 68 (1942).

■■ The defendant in the State action was Bronx, the operator of the tug.

The new parties in this action are Colonial, the owner of the scow and parent corporation of Bronx, and the other new defendant Nig, the owner of the tug. Although these defendants are new to this action, the lack of identity of parties is not controlling where there is an identity of factual issues. Israel v. Wood Dolson Co., 1 N.Y.2d 116, 151 N.Y.S.2d 1, 134 N.E.2d 97 (1956); Good Health Dairy Prod. Corp. v. Emery, 275 N.Y. 14, 16, 9 N.E.2d 758, 112 A.L.R. 401 (1937). In substance, therefore, there may be a unilateral estoppel in a second action where an issue of fact material to the decision in the first action is likewise necessary to a decision in the later suit, although there is no identity of parties. Nor is it necessary for effective estoppel that the causes of action be similar. Roth v. McAllister Bros., Inc., supra; Restatement, Judgments, supra. All of the cases cited to the Court by the plaintiff on the issue of estoppel are New York decisions prior to Israel v. Wood Dolson and Good Health Dairy Prod. Corp. v. Emery, supra. In the most recent decision relied on by plaintiff, Donahue v. New York Life Ins. Co., 259 N.Y. 98, 181 N.E. 62 (1932), Chief Judge Pound took care to distinguish facts immaterial to the controversy and those decided necessary to uphold the judgment rendered. (259 N.Y. at 102, 181 N.E. at 63).

■ It is not disputed that the alleged accident and injury in the Federal action is the same as that litigated in the maintenance and cure action in the State court, nor that the State court had jurisdiction of such action. See Jordine v. Walling, 185 F.2d 662, 666 (3rd Cir. 1950). The Court therefore turns to the issues before the State court and what it decided.

A seaman's right to maintenance and cure for illness or injury occurring while he is in the service of his ship is almost absolute and will only be barred by his own willful misconduct. It is in no sense "predicated on the fault or negligence of the shipowner". Aguilar v. Standard Oil Co., 318 U.S. 724, 731, 63 S.Ct. 930, 934,

87 L.Ed. 1107 (1943); Gilmore & Black, Admiralty § 6–6 (1957); Harden v. Gordon, 11 Fed.Cas. 480, 483, No. 6,047 (Storey, J., C.C.D.Me.1823). Thus, for a seaman to succeed in an action for maintenance and cure he must only prove: (1) He suffered an injury, and (2) The injury occurred in the course of his employment.

In the State trial, the plaintiff testified in detail that he had sustained injuries to his left knee as the result of an accident on the scow on or about March 26, 1960. Defendant in its answer and at the trial maintained that if plaintiff was suffering from any infirmity it was the result of some pre-existing condition. The State judge, in his opinion dismissing the complaint, made the finding "that plaintiff has failed to establish by a fair preponderance of the credible evidence that the injury to his left knee * * * was causally related to the accident of March 26, 1960." In light of the issues before the court in a maintenance and cure action, the contentions as presented to the judge by the pleadings and at the trial, and the holding in the case, these material issues of fact were decided: (1) Plaintiff did not sustain an injury in the course of his employment; and (2) Any injury to his left knee was not the result of an accident on March 26, 1960.

In the two causes of actions now before this Court plaintiff claims: (a) As against all defendants, under the Jones Act and the doctrine of unseaworthiness, damages for an accident and resultant injury to his left knee on March 26, 1960; (b) In the alternative, against Colonial alone, under the common law of negligence, damages for an accident and resultant injury to his left knee on March 26, 1960. (Amended Complaint, Jan. 13, 1961; Pre-Trial Order ¶3(b), Feb. 14, 1963.)

Under the Jones Act and Unseaworthiness cause of Action the plaintiff must therefore prove (46 U.S.C. § 688):

(1) He suffered an injury to his left knee as the result of an accident on March 26, 1960; and

(2) The accident and injury occurred in the course of his employment; and

(3) The proximate cause of such accident and resultant injury was the negligence of his employer or the unseaworthiness of the ship.

■ Under the common law negligence cause of action the plaintiff must prove:

(1) He suffered an injury to his left knee as the result of an accident on March 26, 1960; and

(2) The proximate cause of such accident and resultant injury was the negligence of Colonial.

From this analysis it can be seen that the judgment rendered in the State court after full trial on the same set of facts acts as a complete estoppel to the plaintiff on both causes of action remaining in this Court. The State court determined that plaintiff had failed to establish that he had sustained an injury to his left knee in the course of his employment or that any injury to his left knee was the result of an accident on March 26, 1960.

Plaintiff cites Bartholomew v. Universe Tankships, Inc., 279 F.2d 911 (2d Cir. 1960) as authority for the proposition that a decision adverse to the plaintiff in a maintenance and cure action does not bar a subsequent suit for negligence. Bartholomew, however, stands for the converse of this. Judge Medina states, "a verdict for defendant in an action for damages for negligence or unseaworthiness will not preclude the unsuccessful plaintiff from thereafter recovering in a separate action for maintenance and cure." 279 F.2d at 916. See also, Reardon v. California Tanker Co., 260 F.2d 369, 374 (2d Cir. 1958), cert. denied, 359 U.S. 926, 79 S.Ct. 609, 3 L.Ed.2d 628 (1959); Stone v. Marine Transport Lines, Inc., 182 F.Supp. 200 (D.Md. 1960). The reason for this is obvious. More must be proved in an action for negligence than in one for maintenance and cure. If in the negligence action plaintiff proves his accident and resultant injury but fails to prove they were

proximately caused by the defendant's negligence, no recovery lies. However, on the same facts maintenance and cure would be awarded. However, the converse of this is not true, for the issues in an action for maintenance and cure are basic to any recovery for negligence. A decision on the merits in a Jones Act suit has been held to bar a subsequent suit on the same accident and injuries based on negligence and omitting any allegations of occurrence within the course of employment. Berk v. Mathiason Shipping Co., 45 F.Supp. 851 (S.D. N.Y.1942).

In a case similar to the instant one, plaintiff's complaint contained three causes of action, the first two for negligence and unseaworthiness, and the third for maintenance and cure. Plaintiff was granted a preference on the third cause of action for maintenance and cure. After a jury trial and verdict for the defendant, plaintiff moved to set aside the verdict, and defendant moved for summary judgment on the first two causes of action. In denying plaintiff's motion and granting the defendant's, the Court stated:

> " 'I gave it to the jury as plainly as I could. I gathered that they found that the injuries he claims he sustained were not as the result of this accident and they have so found.' [quoting Trial Court]
>
> "If plaintiff could not satisfy the jury by the required measure of proof that the injuries complained of were sustained while he was in the service of the ship, how can he prove liability for negligence for the same alleged injuries claimed to have been sustained at the same time in the course of his employment? Motion granted." Anderson v. Panama Transport Co., 1942 A.M.C. 431, 744 (S.D.N.Y.1942).

Defendants' motion for summary judgment dismissing the complaint is granted.

Settle order on notice.