■ VICTORIA BANASIK, Respondent, v. REED PRENTICE DIVISION OF PACKAGE MACHINERY COMPANY, Appellant.— Order entered October 14, 1969 reversed, on the law, with $50 costs and disbursements to the defendant-appellant and the defendant's motion for summary judgment dismissing the complaint granted. A triable issue is not shown to exist by the circumstance that affidavits are conflicting. Nor may emancipation of a child be presumed from the fact that she attends school away from home or that she takes summer employment. What will be inferred by the court by reason of the failure of the plaintiff to meet her burden in opposing defendant's motion for summary judgment is that there is in truth no genuine issue of fact to be tried. (*Curry* v. *Mackenzie,* 239 N. Y. 267.) The 17-year-old plaintiff left her home in Rhode Island and became a freshman student at New York University in the City of New York for the school year 1962/3, residing on campus. She requested permission to attend the 1963 summer session at the University and to continue to reside at the dormitory, but her request was denied. Thereupon she returned to her parents' home in Woonsocket, Rhode Island. On June 7, 1963 she made application for a job, giving as her address " 156 Earle St., Woon." (Woonsocket). She sustained injuries while at work on August 7, 1963. When admitted to the Woonsocket Hospital, plaintiff gave the Earle Street number as her address. In an agreement under the Workmen's Compensation Act of the State of Rhode Island, dated August 19, 1963 plaintiff named 156 Earle St., Woonsocket, Rhode Island, as her residence. Plaintiff returned to New York University for the school year 1963/4, residing in another dormitory. When plaintiff sought medical treatment in New York City on November 8, 1963, she gave her address as Woonsocket. When the certified bill for this service was sent to her attorney on September 30, 1969, by clerical error it listed 156 Marie Street instead of 156 Earle Street. In April, 1964, in anticipation of a trip to Europe in May, plaintiff wrote to her former employer's insurance carrier again recording her address as Earle Street. On September 3, 1964 the carrier received another letter from the plaintiff listing Earle Street as her address and stating that she was " permanently changing my address from the above to " an address in New York City where all checks were to be sent to her. While plaintiff ultimately may have intended to make New York

her domicile, she had not achieved that goal when she returned to Woonsocket in June of 1963. On the date of her accident, August 7, 1963, she had no New York residence; her actual physical abode at that time and for two months prior thereto was Rhode Island. At least until September, 1964, plaintiff's acts show conclusively that it was her intent to retain as her permanent residence 156 Earle Street, Woonsocket. The plaintiff's injury having occurred in Rhode Island and plaintiff being a permanent resident of that State at the time, the two-year Rhode Island Statute of Limitations (extended for a period of two years after attainment of plaintiff's majority) bars her suit. (*Cellura* v. *Cellura*, 24 A D 2d 59; CPLR 202; General Laws of Rhode Island, § 9-1-14; *Wilkinson* v. *Harrington*, 243 A. 2d 745 [R. I., 1968]; see, too, as to "long arm" statute, General Laws of Rhode Island, § 9-5-33, as amd. by Public Laws of Rhode Island, 1966, ch. 1, § 7.) The severity of plaintiff's injury, the fact that men of 18 form the largest category of our military forces, that the President of the United States has recommended to Congress that the general voting age be lowered to the age of 18, are factors which are entirely irrelevant, in our opinion, to the question of whether or not an issue exists respecting plaintiff's domicile. The appeal from the order of October 14, 1969 insofar as it granted plaintiff's cross motion and the appeal from the order entered November 19, 1969 denying leave to renew, are dismissed as academic. Concur — Markewich, McNally and Tilzer, JJ.; Stevens, P. J., and McGivern, J., dissent in the following memorandum by McGivern, J.: I agree with Special Term that at least a triable issue does exist in respect of the plaintiff's domiciliary residence. This young lady, who has a most severe injury, has submitted an affidavit stating that prior to the accident, she physically was in New York, and had every intent to make this State her domicile. She further swears that she returned to Rhode Island only for summer employment, giving her parents' address for reasons of expediency. An address is not controlling on the issue of domicile (*Clapp* v. *Clapp*, 63 N. Y. S. 2d 246, affd. 271 App. Div. 784). And it has long been held that an emancipated minor has every right to establish an independent domicile, separate from that of a parent. (*Cohen* v. *Delaware, Lackawanna & Western R. R. Co.*, 150 Misc. 450; 17 N. Y. Jur., Domicil and Residence, § 45.) More so than ever is this true in our present day and age. The mobility of modern youth is one of their hallmarks. Young men of 18 form the largest category of our military forces. Even the President of the United States has recommended to the Congress that the general voting age be lowered to the age of 18. These generally known and accepted sociological facts should not be alien to judicial thought. We have been enjoined to awareness of what everyone else, and ourselves out of court, are alive to. (*St. Nicholas Cathedral* v. *Kedroff*, 302 N. Y. 1, 23.)