*1097 OPINION OF THE COURT
Anthony J. Mercorella, J.
Defendant, a charitable trust, moves for a summary judgment dismissing plaintiff’s complaint brought for alleged breach on the part of defendant of its agreement to make periodic contribution to plaintiff, a Jewish day school, and for judgment on defendant’s counterclaim seeking the return of contributions previously made. Four previous pledge agreements between the parties were superseded by an agreement dated July 3, 1974, which is conceded to be the agreement here in issue. Under its terms, defendant was to contribute $50,000 per year for 14 years and make a payment of $500,000 in the fifteenth year. However, the agreement provided also that defendant could fulfill its obligations at any time by the delivery to plaintiff of bonds of a specified quality in the face amount of $500,000. In 1975, defendant became convinced that plaintiff was not using the funds contributed for the purposes specified in the agreement. Accordingly, defendant exercised its option to be relieved of further obligation under the agreement by delivering to plaintiff State of California bonds, of the quality specified in the agreement, having a face amount of $500,000.
Plaintiff was understandably perturbed by this turn of events, since the value of the bonds on their date of delivery was far less than their face value (plaintiff alleges a value on the delivery date of $67,625). Try as plaintiff does, however, it cannot establish that defendant, under the clear and unambiguous wording of the agreement, did not have the right to terminate its obligations by doing exactly what it did. The facts being uncontroverted and there being no issue to be determined, summary judgment is granted to defendant dismissing plaintiff’s complaint.
Defendant’s counterclaim is based in large part on a letter from plaintiff dated September 10, 1975 indicating that only $90,000 of $350,000 theretofore received from plaintiff had been allocated to scholarships and grants in aid to needy students. Pursuant to the agreement, the funds contributed by defendant were to be used "primarily for scholarships and grants in aid for needy students as well as such other general educational purposes as the Board of Directors of said organization may in its discretion determine.” In addition, the agreement provided that plaintiff would "refund all contributions made hereunder in the event that any of the terms and conditions herein imposed are not complied with.”
*1098 Plaintiff has not disavowed, nor attempted to explain or expand upon, its letter of September 10, 1975. Its only defense on the merits to defendant’s counterclaim is that all of the funds have been used for educational purposes. A triable issue is not shown to exist by the circumstance that affidavits are conflicting. What will be inferred by the court by reason of the failure of plaintiff to meet its burden in opposing defendant’s motion for summary judgment is that there is in truth no genuine issue of fact to be tried. (See Banasik v Reed Prentice Div. of Package Mach. Co., 34 AD2d 746.) It is clear from the wording of the agreement and the prior course of dealing between the parties that the funds contributed were to be used primarily for scholarships and grants in aid for needy students. Whatever significance is given to the word "primarily”, it cannot be said to have been satisfied by the use of only $90,000 out of $350,000 for the designated "primary” use. Plaintiff contends also that defendant’s termination of the agreement without allegation of fault constitutes a waiver of any claim against plaintiff. This argument is without merit. According to its terms, the agreement itself has not been terminated, but only defendant’s obligations thereunder. Plaintiff continues to have obligations thereunder, including the obligation to make proper use of the funds contributed. It cannot be said that defendant has waived any breach of plaintiff’s obligations by haying elected to prepay its contributions. It should be noted, in passing, that defendant did not assert any claim against plaintiff until plaintiff commenced this meritless action. Accordingly, defendant is awarded judgment on its counterclaim against plaintiff.