■ HELEN DOBOSHINSKI, Respondent, v FUJI BANK, LTD., Appellant.—In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County, dated November 26, 1979, which denied its motion for summary judgment dismissing the complaint. Order reversed, on the law, without costs or disbursements, motion granted and complaint dismissed. Plaintiff seeks damages for personal injuries she allegedly sustained when she tripped over office machinery wires on the defendant's premises while working there. Special Term found that there existed "issues of fact regarding the nature of the relationship between the parties". We disagree. Plaintiff sought temporary office employment through City-Wide Temporary Services, Inc., and was assigned

to the defendant to work in its accounting department. She was injured while engaged there. She successfully claimed workers' compensation benefits through City-Wide, but nevertheless commenced suit against defendant for damages as a result of the accident. Defendant moved for summary judgment dismissing the complaint on the ground that it was plaintiff's special employer, and that the workers' compensation claim was plaintiff's exclusive remedy. In a factually similar case, in part relied upon by Special Term, it was concluded, *inter alia,* that the defendant was the plaintiff's special employer, wherefore the former was held to be shielded as a matter of law from a suit brought by the latter by virtue of the plaintiff's election to receive workers' compensation from her general employer *(Mitchell v Adam Hat Stores,* 279 App Div 877). Although a trial was held in that case, one is not indispensable, where, as in the case at bar, the proof before the court on a motion for summary judgment establishes as a matter of law the existence of a special employment relationship between the plaintiff and defendant. Here, except for the fact that plaintiff was compensated for her work by checks drawn upon City-Wide, all of the principal concomitants of an employee/employer relationship between herself and the defendant are extant. Plaintiff was directed in her work solely by the defendant, and the record (which includes a transcript of her deposition) makes clear her understanding that she was to look to the defendant as her employer, albeit only as a temporary employer. (See *Nyholm v Cauldwell-Wingate Co.,* 12 AD2d 802; cf. *Paulsen v Kahn,* 248 App Div 744; *Gallo v Higgins Erections & Haulers,* 45 AD2d 790.) The opposing papers being legally insufficient to raise a dispute as to any of the material facts, the only inference which may be reasonably drawn therefrom is that the defendant was, at the operative time, the special employer of the plaintiff (cf. *Gerard v Inglese,* 11 AD2d 381). Accordingly, summary judgment dismissing the complaint was improvidently withheld (see *Kazmercik v Goble,* 8 AD2d 820; cf. *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255; *Banasik v Reed Prentice Div. of Package Mach. Co.,* 34 AD2d 746). Titone, J. P., Lazer, Gulotta and Martuscello, JJ., concur.