■ AUBEL CLAUDIO, JR., an Infant, by His Father and Natural Guardian, AUBEL CLAUDIO, SR., et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. — Judgment, Supreme Court, Bronx County (Callahan, J., and a jury), entered March 16, 1981, which awarded plaintiff the sum of $115,000, plus costs, disbursements and interest against the New York City Housing Authority, affirmed, without costs. Plaintiff-respondent's claim for damages arose out of an accident which occurred while the 14-year-old boy was helping to move a piano in the auditorium of the community center owned by the New York City Housing Authority. A senior citizens' program run by the city and a children's program run by the Housing Authority operated within the same community center, at different, but overlapping, times of the day. The auditorium was used by both the senior citizens' and the youth programs. The 14-year-old boy was hired by, and paid by, the Youth Services Board, a New York City agency. His job title, however, was that of a tutor for young children and he reported to a Housing Authority employee who acted as supervisor in the community center during plaintiff's after-school working hours. There was also evidence indicating that the direction to move the piano, though given by the Housing Authority employee, was, in fact, in furtherance of the activities of the city's senior citizens' program. The Housing Authority supervisor himself testified that the senior citizens had complained that in the early afternoon the children would "come in and bang on the piano" and thereby interfered with the last portion of the senior citizens' day program in the jointly used auditorium. Plaintiff's action against the city was discontinued on the basis of plaintiff's concession that he was employed by that defendant, had actually received workers' compensation from the city, and was thus barred from recovering from said defendant. The city had moved to amend its answer to interpose the workers' compensation statute as an affirmative defense at the commencement of the trial. Only after the conclusion of the trial did the Housing Authority move to amend its answer to assert the same defense. While the failure of appellant to make a motion to dismiss on the basis of this defense does not foreclose this court from dismissing the complaint on

the law on this ground (4 Weinstein-Korn-Miller, NY Civ Prac, par 4404.06), it is interesting to note that the authority strongly urged that the issue be submitted to the jury and took no objection with respect to the court's charge on the issue of special employment, after the court granted the motion to amend the authority's answer. The belated assertion of the defense also produced an unusual incident in which the court accepted the mere statement of counsel as proof that the authority was properly covered under the statute. Such proof was essential to the authority's dispositive defense, that section 11 of the Workers' Compensation Law barred this action. The language of the court's charge on the issue of special employment was derived directly from the case of *Braxton v Mendelson* (233 NY 122, 124). The jury returned a verdict for plaintiff against the Housing Authority and specifically reported that it had found plaintiff was a New York City employee on the date of the accident. In whose business was the servant engaged at the time is the essential issue raised by this point on appeal and is one which turns on the resolution of fair questions of fact, and the court properly submitted the case to the jury *(Bird v New York State Thruway Auth.*, 8 AD2d 495, 498; *Carinha v Action Crane Corp.*, 58 AD2d 261). In view of the testimony heard by the jury detailed above, we do not find the verdict to be contrary to the evidence. Concur — Murphy, P. J., Birns, Ross and Lupiano, JJ.

Silverman, J. dissents in a memorandum as follows: I would reverse the judgment appealed from and order a new trial as to the claim against New York City Housing Authority. It is clear to me that plaintiff was an *ad hoc* employee of the Housing Authority. While plaintiff was paid by the city's South Bronx Neighborhood Youth Corps under the Human Resources Administration he was sent by that agency to work on the Housing Authority's premises with the Housing Authority's Children's Program, under the supervision of Mr. Marshall, an employee of the Housing Authority. The city in no way supervised or controlled plaintiff's work for the Housing Authority or the Housing Authority's Children's Program. To all intents and purposes, plaintiff worked for the Housing Authority just like any other employee of the Housing Authority except that he was paid by the Youth Corps. Nor was there any contractual arrangement between the Housing Authority's Children's Center and the Youth Corps. On these facts, plaintiff, as a matter of law, was a special or *ad hoc* employee of the Housing Authority and thus barred from suing by reason of section 11 of the Workers' Compensation Law. *(Mitchell v Adam Hat Stores*, 279 App Div 877, affd 304 NY 836.) Thus the motion to dismiss on that ground, if made, should have been granted. The Judge thought that such a motion had been made saying "when the Housing Authority counsel made the motion to dismiss on that ground on Friday afternoon of last week. The motion is denied." However, our attention has not been called to, nor have we found, explicit language making such a motion as distinct from a motion to conform the pleadings to the proof. If we deem the Judge's statement to be a sufficient indication that such a motion was made and denied, I would dismiss the complaint. In any event, whether or not such a motion was made, I think the verdict was at least against the weight of the evidence on the issue of *ad hoc* employment. Accordingly, the verdict should be set aside and a new trial ordered.