■ JOSEPH CLAUDIO et al., Respondents, v SAMUEL J. LEFRAK et al., Appellants. — In an action to recover damages for personal injuries, etc., defendants appeal from so much of an order of the Supreme Court, Nassau County (Oppido, J.), dated April 11, 1983, as denied the motion of defendant Birch Leasing Co. for an order vacating its default in opposing plaintiffs' motion to dismiss its affirmative defense of workers' compensation and denied the motion of all the defendants for summary judgment dismissing the complaint upon the ground that the action is barred by the Workers' Compensation Law. ¶ Order reversed, insofar as appealed from, on the law and in the exercise of discretion, with costs, defendant Birch Leasing Co.'s motion to vacate its default and the defendants' motion for summary judgment granted, and complaint dismissed. ¶ Plaintiff Joseph Claudio, the resident superintendent of premises located at 102-45 62nd Road in Forest Hills, was injured as the result of the collapse of the floor in the boiler room. He thereafter commenced this action against the defendants, the owners of the building, seeking damages for the personal injuries he sustained. His wife, plaintiff Reisa Claudio, seeks damages for loss of consortium. ¶ In its answer, defendant Birch Leasing Co. asserted, *inter alia,* that the action was barred by the Workers' Compensation Law. Plaintiffs sought to strike that affirmative defense as interposed by defendant Birch Leasing Co., contending that Joseph was employed by an organization known as S.P.D. Service Corporation. Attached to the motion papers were paycheck stubs to that effect and Joseph stated that he never had "been paid any monies" by any of the defendants. ¶ Defense counsel requested that its investigator obtain the documentation necessary to establish that the defendants were the actual employers, but, due to inadvertence, failed to request an adjournment of the plaintiffs' motion, which was thereafter granted by default. In the interim, another motion by the defendants, seeking sanctions for the failure of the plaintiffs to comply with certain discovery demands, was made and was subsequently decided. ¶ When defendant Birch Leasing Co. became aware of the entry of the order striking the affirmative defense and the inconsistencies between that order and the order on the motion seeking sanctions, it sought to vacate its default and it and the other defendants sought, among other things, summary judgment on the workers' compensation issue. Eventually, Special Term denied those motions and defendants have appealed. We reverse, insofar as appealed from. ¶ At the outset, we reject plaintiffs' procedural arguments. Birch's application to vacate its default did not have to be made to the Judge who issued the order since it was entered upon a default (CPLR 2221, subd 1; *Conklin v Conklin,* 90 AD2d 817, 818). Secondly, an order denying summary judgment is immediately appealable to this court (CPLR 5701, subd [a], par 2, cl [iv]; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.18). ¶ Exercising our discretion, we find that Birch should be relieved of its default (CPLR 2005). It is clear that counsel made a good-faith effort to obtain factual information concerning the motion to strike the affirmative defense and quickly sought to vacate the default. Plaintiffs have not suffered operative prejudice as a matter of law (*Murray v City of New York,* 43 NY2d 400, 405; *Burgos v City of New York,* 98 AD2d 788; cf. *Shine v Duncan Petroleum Transp.,* 60 NY2d 22, 27). ¶ On the substantive merits, review of the record establishes beyond question that plaintiff Joseph Claudio was employed by Birch Leasing Co., a partnership composed of the other defendants, and, indeed has sought and obtained workers' compensation benefits through Birch. The fact that payment for services was made by check drawn on a service company is not relevant as "all of the principal concomitants [with the defendants] of an employee/employer relationship * * * are extant" (*Doboshinski v Fuji Bank,* 78 AD2d 537, 538). In any event, the application for, and acceptance of, workers' compensation benefits through Birch Leasing Co.

bars the maintenance of any common-law action against it and its defendant components (see Workers' Compensation Law, §§ 11, 29; *Cunningham v State of New York,* 60 NY2d 248, 252; *Mylroie v GAF Corp.,* 55 NY2d 893, 894; *Werner v State of New York,* 53 NY2d 346, 348-349; *Burgos v City of New York, supra*). Titone, J. P., O'Connor, Brown and Eiber, JJ., concur.