■ LOUIS ANNUCCI, Respondent, v CITY OF NEW YORK, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from so much of an order of the Supreme Court, Kings County (Pincus, J.), dated October 27, 1982, as denied that branch of his motion which sought dismissal of the complaint. ¶ Order reversed insofar as appealed from, on the law, without costs or disbursements, that branch of defendant's motion granted, and complaint dismissed. ¶ Special Term properly determined that defendant should be allowed to amend its answer so as to plead the defense of the exclusivity of the Workers' Compensation Law because there was no demonstration of prejudice attributable to a failure to so plead such defense in the original answer. Because plaintiff stated in his bill of particulars and in his testimony at a Comptroller's hearing that he was an employee of the defendant city, plaintiff had the obligation of alleging that the accident in question was not covered by workers' compensation (*Murray v City of New York*, 43 NY2d 400, 407). Under these circumstances, having applied for and accepted workers' compensation benefits, plaintiff is foreclosed from maintaining the instant action at law against his employer (see Workers' Compensation Law, §§ 11, 29; *Werner v State of New York*, 53 NY2d 346; see *Claudio v Lefrak*, 100 AD2d 837; see, also, *Jones v State of New York*, 96 AD2d 105, 106). ¶ Accordingly,

summary judgment should have been granted to the defendant city on the basis that this action is barred by the exclusivity provisions of the Workers' Compensation Law. Bracken, J. P., O'Connor, Niehoff and Boyers, JJ., concur.