**GERARD LUCEY** et al., Respondents, v **GOLTON MARINE Co., INC.**, et al., Defendants, and **KINGS PLAZA SHOPPING CENTER OF FLATBUSH AVENUE, INC.**, et al., Appellants. [701 NYS2d 98] —In an action to recover damages for personal injuries, etc., the defendants Kings Plaza Shopping Center of Flatbush Ave., Inc., Kings Plaza Shopping Center of Avenue U, Inc., and Alexander's of Brooklyn, Inc., appeal from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated July 9, 1998, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff Gerard Lucey was allegedly injured during the course of his employment as an operating engineer at the Kings Plaza Shopping Center. He brought this action against, among others, the alleged owners of the shopping center to recover damages for his injuries. The appellants, Kings Plaza Shopping Center of Flatbush Avenue, Inc. (hereinafter KPSC-Flatbush), Kings Plaza Shopping Center of Avenue U, Inc. (hereinafter KPSC-Avenue U), and Alexander's of Brooklyn, Inc. (hereinafter Alexander's), moved for summary judgment, alleging that they were the plaintiff's employers because they not only owned the premises but also conducted business under the name of the entity which employed him, and that the action against them was therefore barred by the exclusivity provisions of Workers' Compensation Law §§ 11 and 29 (6) (see, Claudio v Lefrak, 100 AD2d 837; Cunningham v State of New York, 60 NY2d 248). The Supreme Court denied the motion as premature. We reverse.

In support of their motion, the appellants submitted a copy of a 1970 certificate of doing business under an assumed name, showing that KPSC-Flatbush and KPSC-Avenue U were conducting business under the name of the entity which later employed the injured plaintiff. The appellants also submitted a copy of the 1995-1996 workers' compensation policy naming KPSC-Flatbush and Alexander's as insureds, under which the plaintiff had applied for and received benefits. Additionally, they submitted various other affidavits and documents indicating the relationship between the corporate defendants and particularly between KPSC-Flatbush and Alexander's.

The movants established, prima facie, their entitlement to summary judgment, and the plaintiff failed to raise a triable

issue of fact sufficient to defeat the motion (*see, Zuckerman v City of New York,* 49 NY2d 557). Therefore, the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them should have been granted. Thompson, J. P., Krausman, H. Miller and Schmidt, JJ., concur.