**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT W. WASHINGTON, | No. 13-15616 |
| Petitioner - Appellant, | D.C. No. 1:09-cv-01801-AWI-JLT |
| v. | |
| D. G. ADAMS, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted October 22, 2015
San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Robert Washington appeals the denial of his habeas petition under 28 U.S.C.

§ 2254. We have jurisdiction under 28 U.S.C. § 2253, and we affirm. Because the

petition was filed after April 24, 1996, the provisions of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA") govern. *Lindh v. Murphy*, 521

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S. 320, 326-27 (1997). Under AEDPA, habeas relief may be granted only if the state court's adjudication was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

1.     Washington argues that he was denied effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), because his attorney failed to request a competency hearing and failed to investigate or present a mental health defense. When counsel has reason to doubt the defendant's competency, failure to request a competency hearing may fall below a reasonable standard of professional competence under *Strickland*. *See Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011). The petitioner must also establish prejudice by demonstrating a "reasonable probability that the court would have found [the defendant] incompetent to stand trial." *Hoffman v. Arave*, 455 F.3d 926, 938 (9th Cir. 2006), *vacated in part on other grounds*, 552 U.S. 117 (2008).

2.     We need not address whether Washington's attorney was ineffective in failing to request a competency hearing because Washington has failed to establish a reasonable probability that the trial court would have adjudged him incompetent.

After the guilt phase of the trial, Washington answered a series of questions that the judge asked relating to his waiver of a jury determination of his prior convictions, which the record shows he was able to answer without difficulty. In addition, the record does not reflect any erratic behavior or outbursts. Although "calm behavior in the courtroom is not necessarily inconsistent with mental incompetence," *Odle v. Woodford*, 238 F.3d 1084, 1088 (9th Cir. 2001), in light of the record presented, the state courts' determination that Washington failed to demonstrate prejudice was not objectively unreasonable.

3.      Washington also fails to establish prejudice with respect to his claim that trial counsel was ineffective for not investigating or raising a mental health defense. To prevail on an insanity defense under California law, the trier of fact must find that it is more likely than not that the defendant "was incapable of knowing or understanding the nature and quality of his or her act and of distinguishing right from wrong at the time of the commission of the offense." Cal. Penal Code § 25(b) (West 2015). Alternatively, a successful mental health defense may negate the mens rea required for the specific offenses charged. In this case, it was not objectively unreasonable for the state courts to conclude that counsel's failure to investigate or raise a mental health defense did not result in prejudice to Washington. *See Knowles v. Mirzayance*, 556 U.S. 111, 127-28 (2009); *Bemore v.*

3

*Chappell*, 788 F.3d 1151, 1169-70 (9th Cir. 2015); *Woods v. Sinclair*, 764 F.3d 1109, 1133 (9th Cir. 2014). The record does not include any evidence that Washington was insane or unable to form the intent required for the crimes charged. Thus, the district court properly rejected Washington's claim that his attorney's failure to pursue a mental health defense constituted ineffective assistance of counsel.

**AFFIRMED.**