21-3143-cv
*Amaya v. Borgen*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty-two.**

PRESENT:

DENNIS JACOBS,
JOSEPH F. BIANCO,
STEVEN J. MENASHI,
*Circuit Judges.*

_____

Fredit Antonio Amaya,

*Plaintiff-Appellant,*

v.                                                                        21-3143-cv

Acting District Director Michael Borgen, District of New York, United States Citizenship and Immigration Services, Secretary Alejandro Mayorkas, United States Department of Homeland Security,

*Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**                    Jeffrey A. Feinbloom,
                                                                        Feinbloom Bertisch LLP,
                                                                        Rye, NY.

**FOR DEFENDANTS-APPELLEES:** Varuni Nelson, Layaliza Soloveichik, Assistant United States Attorneys, Of Counsel, *for* Breon Peace, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a memorandum and order of the United States District Court for the Eastern District of New York (Komitee, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED AS MOOT**.

Appellant Fredit Antonio Amaya appeals a district court order dismissing his complaint because the challenged decision of U.S. Citizenship and Immigration Services ("USCIS") was not final. We assume the parties' familiarity with the underlying facts and procedural history.

While this appeal has been pending, USCIS has reconsidered and granted Amaya's application for adjustment to lawful permanent resident status. Because the denial of that application was the basis for Amaya's complaint in the district court, there is no longer any relief for us to grant and the appeal is therefore moot. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). Because the appeal is moot, we cannot reach the merits of the district court's dismissal on finality grounds as Amaya requests. *Id.* at 12 ("It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot

affect the matter in issue in the case before it.'" (quoting *Mills*, 159 U.S. at 653)). We therefore dismiss Amaya's appeal as moot.

We also vacate the district court's order and remand with instructions to dismiss the complaint as moot. *See Hassoun v. Searls*, 976 F.3d 121, 130 (2d Cir. 2020) ("When a case becomes moot on appeal, the established practice in the federal system is to reverse or vacate the judgment below and remand with a direction to dismiss." (internal quotation marks omitted and alterations adopted)); *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 121 (2d Cir. 2001) ("When a case is mooted on appeal, the appellate court is not automatically compelled to simply dismiss the appeal: it retains jurisdiction to vacate the district court's judgment and remand with direction to dismiss as moot.").

Accordingly, we **DISMISS** the appeal as **MOOT**, **VACATE** the district court's order, and **REMAND** with instructions to dismiss the complaint as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3