22-1560-cv
*Abadi v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand twenty-three.

PRESENT:
        JOSÉ A. CABRANES,
        JOSEPH F. BIANCO,
        SARAH A. L. MERRIAM,
           *Circuit Judges.*

_____

Aaron Abadi,

        *Plaintiff-Appellant*,

        v.                           22-1560-cv

City of New York,

        *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:        Aaron Abadi, *pro se*, New York, NY.

FOR DEFENDANT-APPELLEE:        Richard Dearing, Devin Slack, Chloe K. Moon, of Counsels, *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot, the judgment of the district court is **VACATED**, and the case is **REMANDED** to the district court with instructions to enter a judgment of dismissal without prejudice.

Appellant Aaron Abadi, proceeding *pro se*, sued the City of New York (the "City") under 42 U.S.C. § 1983, asserting that emergency orders requiring a COVID-19 vaccination to enter various indoor establishments (the "Key to NYC program"), or to work as an employee for the City, violated, *inter alia*, his rights to equal protection, bodily integrity, and freedom from false imprisonment. After previously denying Abadi's motion for a preliminary injunction, the district court dismissed his amended complaint. The Key to NYC program ended on March 7, 2022, and the employee vaccination requirements for City workers ended on February 10, 2023.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.      Mootness

Although the district court did not address mootness, we have an "independent obligation" to consider whether an appeal is moot. *United States v. Williams*, 475 F.3d 468, 479 (2d Cir. 2007); *see also Hassoun v. Searls*, 976 F.3d 121, 127 (2d Cir. 2020) ("When a case becomes moot, the federal courts lack subject matter jurisdiction over the action." (alteration

---

[1]   City of New York, *Coronavirus (COVID-19) Vaccine Mandates*, https://portal.311.nyc.gov/article/? kanumber=KA-03448 (last visited May 3, 2023).

adopted) (internal quotation marks and citation omitted)). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (per curiam) (internal quotation marks and citation omitted). A case remains live, by contrast, when "a court can fashion *some* form of meaningful relief to award the complaining party." *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022) (internal quotation marks and citation omitted). "The voluntary cessation of allegedly illegal activities will usually render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016) (internal quotation marks and citation omitted). As the Supreme Court recently explained, "even if the government withdraws or modifies a COVID restriction in the course of litigation, that does not necessarily moot the case" where the plaintiff "remain[s] under a constant threat that government officials will use their power to reinstate the challenged restrictions." *Tandon v. Newsom*, 141 S. Ct. 1294, 1297 (2021) (per curiam) (internal quotation marks and citation omitted).

Here, both the Key to NYC program and the City's employment vaccination requirement have expired. Moreover, there is no evidence in the record that would support the conclusion that the City is likely to reinstitute any such COVID-19 restrictions. *Cf. Fed. Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 127 (2d Cir. 2020) ("[P]ublic health-related developments" as of March 20, 2020, concerning COVID-19 "suggest" that "circumstances that disrupted attorney-client visits at the MDC . . . are all too likely to recur."). In other words, there is no basis to conclude that Abadi "remain[s] under a constant threat" that these restrictions

3

will be reinstated, *Tandon*, 141 S. Ct. at 1297 (internal quotation marks and citation omitted), and thus the possibility of any such future action is entirely a "speculative possibility." *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 87 (2d Cir. 2005); *see also Conn. Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 446 (2d Cir. 2021) (concluding that "[p]articularly in view of the mitigation measures that have become available to combat the spread of COVID-19, and the providential infrequency of pandemics," the risk of a future COVID-19 restriction on firearm retailers was "speculative").

Accordingly, we conclude that the City has met its burden of demonstrating that the voluntary cessation of the COVID-19 restrictions at issue renders plaintiff's demands for injunctive and declaratory relief in this case moot. *See Weisshaus v. Hochul*, No. 21-64, 2022 WL 17256755, at \*1 (2d Cir. Nov. 29, 2022) (summary order) (holding, *inter alia*, "that the appeal [was] moot with respect to the district court's denial of the preliminary injunction" related to the New York State Governor's executive order mandating that certain travelers complete a health form for COVID-19 tracing where "[t]he record [was] devoid of support for the proposition that the Governor can reasonably be expected to reinstitute the traveler's health form"); *Dark Storm Indus. LLC v. Hochul*, No. 20-2725, 2021 WL 4538640, at \*1 (2d Cir. Oct. 5, 2021) (summary order) (holding that challenges to March 2020 COVID-19 executive orders were moot because the restrictions were lifted and New York State had demonstrated that the possibility of recurrence was speculative).

## II.     Standing

Plaintiff's demands for money damages are not mooted by the repeal of the policies at issue, but we find that plaintiff lacked standing to bring these claims. The district court failed

4

to address the question of standing in its order on the motion to dismiss, but "[b]ecause the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).

In order to have standing, a plaintiff must show that (1) he has suffered an "injury in fact[;]" (2) there is "a causal connection between the injury and the conduct complained of[;]" and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks and citation omitted). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (internal quotation marks and citation omitted).

Abadi lacks standing to challenge the Key to NYC policy because he has not pled an "injury in fact" suffered as a result of the policy. The Amended Complaint merely alleges, in a conclusory fashion, that plaintiff was "banned from . . . tens of thousands of public places throughout the city." There is no allegation that Abadi ever attempted to enter an establishment and was turned away, or that he was denied any service because of the policy; his alleged injury is entirely "conjectural or hypothetical." *Spokeo*, 578 U.S. at 339; *see also Carlone v. Lamont*, No. 21-871, 2021 WL 5049455, at *3 (2d Cir. Nov. 1, 2021) (summary order) (Plaintiff lacked standing to challenge a mask mandate because "the complaint does not state that [plaintiff] has ever actually been required to wear a mask or has been subject to enforcement of the mask mandate").

5

Abadi also lacks standing to challenge the City's employment vaccination requirement. The Amended Complaint does not allege that plaintiff was a City employee, or that he applied for employment with the City, or was denied employment with the City. Abadi asserts that he has standing simply because he was interested in applying for employment with the City but decided against it because of the vaccination requirement. Abadi was not prevented from applying for the job because he was unvaccinated; he simply chose not to apply. Further, had Abadi been qualified for a position, applied for the position, been offered the position, and accepted the position, he could have applied for an accommodation waiving the vaccination requirement.[2] Abadi's alleged injury is purely hypothetical and does not confer standing. *See Spokeo*, 578 U.S. at 339.

**CONCLUSION**

For the foregoing reasons, we **DISMISS** the appeal as moot, **VACATE** the judgment entered by the district court, and **REMAND** the case to the district court with instructions to enter a judgment of dismissal without prejudice.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] *See* City of New York, *FAQ regarding New York City Employees and the COVID-19 Vaccine,* https://www.nyc.gov/assets/dcas/downloads/pdf/guidelines/faq-vaccine-mandate.pdf at 4-5 (discussing reasonable accommodations for City employees under vaccination policy) (last visited May 3, 2023).

[3] Because the Court lacks subject matter jurisdiction on mootness and standing grounds, the amended complaint should be dismissed *without* prejudice. *See Katz v. Donna Karan Co.*, 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction.").