*Castro-Almonte v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty-four.

PRESENT:
 GUIDO CALABRESI,
 MYRNA PÉREZ,
 *Circuit Judges,*
 ANNE M. NARDACCI,
 *District Judge.*[1]

_____

Luis Castro-Almonte,

 *Petitioner-Appellant,*

 v. 23-297

Merrick Garland, in his official capacity as

---

[1] Judge Anne M. Nardacci, of the United States District Court for the Northern District of New York, sitting by designation.

**Attorney General of the United States, Jeffrey Searls, in his official capacity as Acting Assistant Field Office Director and Administrator of the Buffalo Federal Detention Facility, Alejandro Mayorkas, in his official capacity as Secretary of the U.S. Department of Homeland Security, Tae Johnson, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,**

> *Respondents-Appellees.*

---

**FOR PETITIONER-APPELLANT:**            Luis Castro-Almonte, pro se, Batavia, NY.

**FOR RESPONDENTS-APPELLEES:**           COURTNEY E. MORAN, Trial Attorney, Office of Immigration Litigation (William C. Peachey, Director; Jessica W. D'Arrigo, Senior Litigation Counsel, *on the brief*), *for* Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC.

Appeal from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED AS MOOT.

Petitioner-appellant, Luis Castro-Almonte, proceeding pro se, appeals the district

court's denial of his 28 U.S.C. § 2241 petition, which challenged his immigration detention under 8 U.S.C § 1226(c).

Appellate courts "have an independent obligation to ensure that developments in the case have not rendered the appeal moot." *United States v. Williams*, 475 F.3d 468, 479 (2d Cir. 2007) (other citations omitted). A due process challenge to detention under 8 U.S.C. § 1226 is "rendered moot" when the Court's decision on the appellant's petition for review of his removal order places him in the 90-day removal period set forth in 8 U.S.C. § 1231. *Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003); *cf. Hechavarria v. Sessions*, 891 F.3d 49, 55 (2d Cir. 2018). Thus, because we have dismissed Castro-Almonte's petition for review of his removal order, this appeal challenging his detention under § 1226 is moot since detention authority has necessarily switched to § 1231(a)(1). *See Castro-Almonte v. Garland*, 2d Cir. 23-6738 (order entered March 27, 2024).[2]

When, as here, a § 2241 petition becomes moot on appeal, we vacate the district court's order and remand with instructions to dismiss the petition as moot. *See Hassoun v. Searls*, 976 F.3d 121, 130 (2d Cir. 2020) ("When a case becomes moot on appeal, the established practice in the federal system is to reverse or vacate the judgment below and remand with a direction to dismiss." (cleaned up)).

---

[2] If the removal order is not executed, Castro-Almonte can challenge his continued detention through a new 28 U.S.C. § 2241 petition. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (explaining that prolonged detention under § 1231 is constitutionally suspect when removal is not "reasonably foreseeable").

Accordingly, we DISMISS the appeal as MOOT, VACATE the district court's order, and REMAND with instruction to dismiss the habeas petition as moot. All pending motions are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4